**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4301**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALEXANDER ALONSO GALINDO,

Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:24-cr-00009-TSK-MJA-1)

Submitted:  May 29, 2026                              Decided:  August 6, 2026

Before GREGORY, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Matthew L. Harvey, United States Attorney, Martinsburg, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Alexander Galindo pled guilty to unlawful possession of a firearm as a convicted felon. As allowed by his plea agreement, he now appeals the denial of his motion to suppress evidence recovered during a traffic stop. His sole argument on appeal is that the traffic stop was not justified because no traffic violation occurred. We disagree and therefore affirm.

On January 31, 2023, two state troopers observed Galindo's vehicle at a standstill at two different green lights, initially for ten seconds, and then again for three to five seconds. Based on Galindo's delayed response, the officers believed that he failed to "obey the instructions of an[] official traffic-control device," in violation of West Virginia Code § 17C-3-4(a). So, the officers initiated a traffic stop. After Galindo failed to provide identification, one of the officers ordered him to exit the vehicle and conducted a pat-down search. During this search, the officer observed a clear ziplock bag containing white powder in plain view inside the driver's side door, which was left open. The officers proceeded to search Galindo's vehicle, where they found a loaded firearm and other contraband. Galindo was arrested and later charged under the felon-in-possession statute, 18 U.S.C. § 922(g)(1).

Before the district court, Galindo filed a motion to suppress all of the evidence seized during the pat-down search and the search of his vehicle. After holding a hearing and receiving the officers' testimony, the district court denied the motion. Relevant here, the court credited the officers' account of events – that Galindo paused at two different green lights – and ruled that the initial ten-second pause violated West Virginia Code

2

§ 17C-3-4(a). Based on that traffic violation, the court concluded, the officers had probable cause to conduct a traffic stop.

On appeal, Galindo maintains that the district court erred in denying his motion to suppress. Specifically, Galindo challenges: (1) the district court's factual finding that he delayed twice at a green light, with the first delay lasting approximately ten seconds; and (2) the district court's legal conclusion that a ten-second delay amounts to "[dis]obey[ing] the instructions of an[] official traffic-control device," in violation of West Virginia Code § 17C-3-4(a).

We review the district court's legal conclusions *de novo* and its factual findings for clear error, construing the evidence in the light most favorable to the government. *United States v. Miller*, 54 F.4th 219, 227 (4th Cir. 2022). Having carefully examined the record before us as well as the parties' submissions, we discern no reversible error in the district court's suppression decision. It is well-established that "[a]n officer's initial 'decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.'" *United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018) (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)). Because Galindo offers no basis for second-guessing the district court's credibility determinations or rejecting its interpretation of West Virginia Code § 17C-3-4(a), we affirm.

*AFFIRMED*